IN THE MATTER OF THE APPLICATION OF ISAAC MARSH,
et al., TO ACQUIRE EASEMENTS IN CERTAIN LANDS FOR
THE PURPOSES OF DRAINAGE.

In proceedings under the statute relating to the drainage of swamps, etc.
(chap. 888, Laws of 1869), to acquire title *in invitum* to an easement in
lands for the purpose of drainage, the petition must state not only that
the commissioners cannot agree with the owner "upon the compensa-
tion and damages," but, also, the reason why an agreement cannot be
made; in the absence of such statement the court acquires no jurisdic-
tion.

In such proceedings where the rights of property are sought to be inter-
fered with under the right or color of eminent domain, the facts neces-
sary to give the court or officer jurisdiction must appear in the petition,

which alone is to be looked to for the facts upon which jurisdiction depends.

*In re P. P. & C. I. R. R. Co.* (67 N. Y., 371) distinguished.

*In re Marsh* (10 Hun, 49) reversed.

(Argued November 20, 1877 ; decided November 27, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term appointing commissioners to appraise damages under section 9 of the drainage act (chap. 888, Laws of 1869.) (Reported below, 10 Hun, 49.)

The petition of the drainage commissioners stated among other things that they " have been and are unable to agree with persons owning said lands, upon the compensation and damages for making and maintaining forever such drains and channels," but did not state the reasons why they could not agree.

*W. W. McFarland* and *Windsor & Marsh*, for appellants. The proceedings would be void, unless it appeared on their face that the directions of the statute were strictly pursued. (*N. Y. & B. R. R. Co.* v. *Goodwin*, 12 Abb. Pr. [N. S.], 21; *Gilbert* v. *Col. Tpke. Co.*, 3 J. Cas., 107; *Rex* v. *Croke*, 1 Cowp., 26; *Rex* v. *Liverpool*, 4 Burr, 2224; *R. & S. R. R. Co.* v. *Davis*, 43 N. Y., 137; *Adams* v. *S. & W. R. R. Co.*, 10 id., 328; *Dougthty* v. *Hope*, 3 Den., 595; *Rathbone* v. *Acker*, 18 Barb., 393; *Woodruff* v. *Fisher*, 17 id., 232; *Seymour* v. *Judd*, 2 N. Y., 464; *Bangs* v. *McIntosh*, 23 Barb., 598; *White* v. *Joy*, 3 Kern., 86; *Sharpe* v. *Spier*, 4 Hill, 81; *Bloom* v. *Burdick*, 1 id., 141; *Gillet* v. *Fairchild*, 4 Den., 80; *Corwin* v. *Merritt*, 3 Barb., 343; *Rex* v. *Bagshaw*, 7 T. R., 363; *Gould* v. *Town of Sterling*, 23 N. Y., 457; *Thatcher* v. *Powell*, 6 Wheat., 119.)

*George J. Greenfield*, for respondents. The petition duly verified is *prima facie* evidence of its contents until its allegations are destroyed by the contestants. (*B. & S. L. R. R. Co.* v. *Reynolds*, 6 How. Pr., 96; *In re N. Y. C. & H. R. R. R. Co.*, 5 id., 86.)

ALLEN, J.    Unless the petitioner complied substantially
with the requirements of the statute under which the pro-
ceedings were had, the court did not acquire jurisdiction,
and the proceedings were *coram non judice*.    The facts neces-
sary to give the court or officer jurisdiction must appear in
the proceedings and in the petition, to which the court alone
looks for the facts upon which jurisdiction depends.    (*Gil-
bert* v. *Columbia Turnpike Co.*, 3 J. C., 107; *Sharp* v. *Speir*,
4 Hill, 81; *State* v. *Mayor of Jersey City*, 38 N. J. [Law]
R., 85; *Same* v. *Perth Amboy*, id., 425.)

The statute under which the proceedings were had (chap.
888 of the Laws of 1869, § 9) delegated to the commissioners
appointed under it the power to acquire title to an easement
in lands for the construction of any ditch or channel neces-
sary for the purpose of drainage.

The proceedings were directed to be in the manner, so far
as the same is applicable, as prescribed by chapter 140 of
the Laws of 1850, entitled "An act to authorize the forma-
tion of railroad corporations, and to regulate the same," and
the acts supplementary and amendatory thereof.    Section
14 of the Railroad Act prescribes the substance, and, to some
extent, the form of the petition for the appointment of com-
missioners of appraisal, and the allegations that it must con-
tain.    Many of the allegations necessary in an application by
a railroad corporation cannot be made by commissioners
under the Drainage Act.    But it does not follow that corres-
ponding allegations, showing the power and authority of the
commissioners, and their right to act, and the necessity of
an occupation and use of the lands for the purpose mentioned,
should not be stated.    But, passing this, other parts of the
section are as applicable and easy of observance in the one
case as in the other; and, as to these parts of the section, it
must be strictly followed, and the allegations made as required,
to give the court jurisdiction.

The court only has jurisdiction when the applicant, whether
railroad corporation or commissioner under the Drainage Act,
cannot acquire title by purchase, or with the assent of the owner.

The law is jealous of the rights of property, and will not permit them to be invaded under the right or color of eminent domain, except upon necessity, and when title cannot be acquired by purchase, and with the consent of the owner. Hence, the statute requires that it should appear as a jurisdictional fact that the petitioner " has not been able to acquire title thereto, and the reason of such inability." The reasons of the inability are to be stated, that the court may determine their sufficiency, and also that the owner of the land may negative and disprove them. The Drainage Act authorizes the application when the commissioners *cannot* agree with the owner upon the compensation and damages to which he is entitled. The reasons why an agreement cannot be made may be various—the infancy, idiocy, coverture ·or absence of the owner, as well as the difference of views as to the actual damages to the land, and the compensation to which the owner is entitled. But the statute is imperative that the reason why an agreement is impossible must be stated, and this, like every other material allegation, is traversible, and upon being disproved, the jurisdiction fails. The petition is defective in not stating the reasons of the inability of the commissioners to agree with the land-owners. (*N. Y. & B. R. R. Co.* v. *Goodwin*, 12 Abb. Pr. R. [N. S.], 21; *Gilbert* v. *Columbia Turnpike Co.*, *supra*.) In the *Matter of the Application of the Prospect Park & Coney Island R. Co.*, recently decided by this court (67 N. Y., 371), there was no objection to the form of the petition, and the proceedings were sustained, for the reason that it appeared there had been negotiations and a failure to agree between the agents of the corporation and the land-owners, making a *prima facie* case of disagreement. Judge FOLGER, alluding to this provision of the statute in his opinion, says: " That provision of the General Railroad Law does not mean that it must be impossible to buy the right of any one at any price, however large. It means that the owner must be unwilling to sell at all, or willing to sell only at a price so large as, in the good judgment of the agents of the corporation, is excessive. That

appears here." The burthen of satisfactorily showing to the court the necessity of a resort to the delegated power of eminent domain is recognized very clearly as resting upon the applicant, and the necessity can only result from an actual inability to agree with the owner of lands; and the facts must be stated, that the court may know, as it must determine that the inability is real, and not colorable. It is self-evident that the petitioner must, in his petition, as the foundation for the jurisdiction of the court, make an affirmative case of necessity for the application, and the intervention of the court under this clause of the statute, requiring the reasons of the inability to agree with the owner to be stated. The petitioners have stated no reasons. The land-owners and appellants are numerous, and the reasons of the inability to agree with them severally, if such inability exists, may be as various as the parties are numerous. The petitioners have been content to state merely that they " have been and are unable to agree with the persons owning said lands upon the compensation and damages for making and maintaining forever such drains and channels," but have not shown or stated to the court the reasons of such inability.

The court did not acquire jurisdiction in the premises, and the order must be reversed and the application denied.

All concur.

Order reversed.