pany in the same situation. That wire has no application to the duties which this statute seeks to secure the performance of, and hence the fact that it is within 100 feet of the applicant does not bring the company within the provisions of such section.

It is a familiar rule that statutes imposing penalties should be construed strictly in favor of the party against whom they are given (Manhattan Co. v. Kaldenberg, 165 N. Y. 7, 58 N. E. 790), and it seems obvious that no penalty is imposed upon either of such companies except where the premises to be supplied with the light are within 100 feet of the "main" or "wire" that is the source of such supply.

Whether or not it was the duty of this defendant, under its corporate obligations, to extend its wires for supplying lights for household purposes through Locust street, and into this plaintiff's premises, is not a question presented by this action. That question can be determined in other proceedings, and adequate relief for any breach of that obligation can be so obtained. People ex rel. Kennedy v. Manhattan Gaslight Co., 45 Barb. 136; Gould v. Edison Electric Illuminating Co., 29 Misc. Rep. 241, 60 N. Y. Supp. 559; McEntee v. Kingston Water Co., 165 N. Y. 27, 58 N. E. 785. The single question here is, has it forfeited to this plaintiff, under this statute, the penalties claimed? Upon the conceded facts, I am of the opinion that it has not, and that hence the judgment appealed from must be reversed.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except CHESTER, J., dissenting.

---

(41 Misc. Rep. 506.)

SCHENECTADY RY. CO. v. LYON et al.

(Supreme Court, Special Term, Fulton County. October, 1903.)

1. EMINENT DOMAIN—STREET RAILROADS.

Laws 1890, p. 1108, c. 565, § 90, as amended by Laws 1895, p. 791, c. 933, provides that nothing in the section shall authorize a street railroad company to acquire real property within a city by condemnation. *Held* not intended to restrict the power of eminent domain given by other sections of such law to corporations subject to it.

2. SAME—AGREEMENT WITH OWNERS.

That a street railroad company is not able to agree for the purchase of property required for its right of way, so as to authorize it, under Laws 1890, p. 1108, c. 565, § 90, as amended by Laws 1895, p. 791, c. 933, to condemn the land acquired, is not shown where there is no evidence of negotiations or reasonable effort to make the agreement with such owners.

Proceedings by the Schenectady Railway Company against J. Alexander Lyon and others to condemn certain real property. Proceedings dismissed.

James A. Van Voast (Marcus T. Hun, of counsel), for plaintiff.

Edwin Winslow Paige, for defendants Katherine K. Peck, Harriet M. Peck, Hannah H. Peck, and Belle Van Epps.

¶ 2. See Eminent Domain, vol. 18, Cent. Dig. § 462.

Robert J. Landon, for defendant David Cady Smith.

Louis M. King, for defendants Lyon, Whitmyre, Jackson, Hawley, Swartfiguer, and De Graff.

R. J. Cooper, for defendant Birch.

SPENCER, J.  The plaintiff, a street surface railroad corporation, by these proceedings is seeking to acquire a right of way across the defendants' lands in the city of Schenectady for the use of its tracks. The property sought to be acquired is private property, and not in any way subjected to public use.  The defendants Peck and Van Epps have appeared and consented to the appointment of commissioners, and the plaintiff may take an order as to them.  The defendant Smith has objected solely on the ground that the statute does not give a street railroad corporation authority to condemn real property within a city.

The jurisdictional question thus raised by defendant Smith calls for a construction of section 90 of the railroad law (Laws 1890, p. 1108, c. 565, as amended by Laws 1895, p. 791, c. 933), and especially as to the meaning and application of the final sentence of that section, which reads as follows:  "Nothing in this section shall be deemed to authorize a street railroad corporation to acquire real property within a city by condemnation."  In the case of Adee v. Nassau Electric R. Co., 72 App. Div. 404, 76 N. Y. Supp. 589, it was held, after a careful examination of the entire statute (railroad law), that sections 4 and 7 thereof conferred upon all railroad corporations, including street surface railroad corporations, the power of eminent domain, and, in the exercise of that power, authority to institute condemnation proceedings.  In that case it was further held that section 90 of the railroad law has no application to the condemnation by street surface railroad corporations of the interest of private owners in the streets and public highways of a city, but that the section does apply to the condemnation of private property.  Mr. Justice Goodrich, in referring to the final sentence of section 90 in its application to that case, said:

"The true meaning of this section seems to be that the prohibition does not relate to the acquisition of an easement in the street over which the road is to run, but does relate to other real property necessary to its construction and operation."

I regard the decision so made as controlling in this court upon the questions thus decided, to wit:  First, that street surface railroad corporations, irrespective of the provisions contained in section 90 of the railroad law, possess the power of eminent domain; and, second, that the provisions of section 90 of the railroad law have application to a proceeding such as this to condemn private property to public use within a city.  It is therefore necessary, in considering the objection raised by the defendant Smith, to determine the meaning and application of the final sentence of section 90, referred to by Mr. Justice Goodrich as a prohibition.  I do not regard the language employed in the statute as a prohibition upon the exercise of the right of eminent domain by street surface railroad corporations, but simply a legislative declaration as to the limitation which shall be

placed upon the provisions of the section of which it forms a part. An examination of section 90 discloses at least one provision which in terms authorizes street surface railroad corporations to exercise the power of eminent domain·by taking the proceedings prescribed by the condemnation law (Code Civ. Proc. §§ 3357–3384), irrespective of the provisions contained in the other sections of the railroad law; and such an interpretation might well be placed thereon, were it not for the declaration which immediately follows, now under consideration, to the effect that it shall not be so construed. In other words, the Legislature declared that the authority conferred in and by section 90 should not, taken alone, be deemed to authorize the condemnation of real property in a city; but it did not thereby declare that the authority conferred in and by the other sections, taken in connection with the provisions of section 90, should not be exercised within a city. When so exercised, it must be done in compliance with all the requirements of the statute. I think, therefore, that the intent and purpose of the legislative declaration found at the close of section 90 has application only to the construction and interpretation of the section of which it forms a part, and was not intended to limit or restrict the general authority which in and by other sections of the law was conferred upon street surface railroad corporations in common with others. I therefore overrule the objection raised by the defendant Smith, and direct that an order be entered as to him granting the prayer of the plaintiff's petition.

The defendants Lyon, Whitmyre, Jackson, Hawley, Swartfiguer, De Graff, and Birch not only make the objection raised by the defendant Smith, but also, among others, the objection that the plaintiff has not alleged or shown that it has been unable to agree with said owners for the purchase of the real property sought to be taken. As decided in the Adee Case, the provisions of section 90 of the railroad law apply to this objection. The one in question reads as follows:

"If any such street surface railroad company is unable to agree for the purchase of any such real property, or of any right or easement therein required for the purpose of its railroad, or if the owner thereof shall be incapable of selling the same, or if, after diligent search and inquiry, the name and residence of such owner cannot be ascertained, it shall have the right to acquire title thereto by condemnation in the manner and by the proceedings prescribed by the condemnation law."

As already indicated herein, the authority thus conferred is not independent of, but is subject to, the terms and conditions elsewhere in the railroad law imposed upon the exercise of the power. Substantial compliance with this provision, as well as such other provisions as may be found in the railroad law, is necessary as a condition precedent to the maintenance of the proceedings prescribed. Matter of Marsh, 71 N. Y. 315; Matter of City of Buffalo, 78 N. Y. 362; Matter of Water Commissioners, 96 N. Y. 351; Matter of Rochester Electric R. Co., 123 N. Y. 351, 25 N. E. 381.

As to most of these defendants, the plaintiff makes no claim of any conference or negotiation for the purchase of their property. There were some conversations between the representative of the plaintiff

and several of the defendants concerning a proposition to discontinue the plaintiff's tracks in the street in front of their premises in consideration that such defendants would grant a right of way across their premises in the rear, but I think it may be said as to all such that there was no offer to purchase the particular rights which the plaintiff is now seeking to acquire. Nothing took place which may be regarded as an effort to come to an agreement with them as to such rights. As to the other defendants, with whom no such conversations were had, the plaintiff seeks to establish compliance with the statute by putting them upon the witness stand, and having them state that prior to these proceedings they were unwilling to sell. A number of them testified that they could not say whether they were then unwilling to sell or not, as no proposition to purchase was made. I am of the opinion that, as to all these defendants, the plaintiff has failed to show compliance with the requirements of the statute. The plaintiff cannot claim that it was unable to agree, unless it appears that it made some attempt to reach an agreement. It is not the state of mind of the defendants in respect to a sale of their property, in the absence of an offer or attempt to purchase from them, that the statute contemplates, but the situation of the negotiation after the plaintiff has made a reasonable effort to bring the defendants to an agreement. All of the defendants were competent to contract for the sale of their property, and, while they may now—looking back to a time prior to the commencement of these proceedings—say that they were then unwilling to sell, it cannot be said that their state of mind at that time would have continued in case a reasonable offer to purchase had been made. It may be true that all of such defendants were unwilling to sell, and may still be unwilling to sell; but, knowing that the plaintiff may take condemnation proceedings to acquire, they may come unwillingly to an agreement for the conveyance of their property to the plaintiff. As was aptly said by Mr. Justice Landon in Stillwater & M. St. R. Co. v. Slade, 36 App. Div. 587, 55 N. Y. Supp. 966, "The spirit of the statute is to require the plaintiff to keep out of court if it reasonably can, but to permit it to resort to the court when it reasonably ought." The plaintiff reasonably ought not to apply to the court until, after negotiation and offer, it becomes reasonably certain an agreement cannot be reached. I think, therefore, that as to these defendants the proceedings must be dismissed, with costs.

There are numerous other objections raised by these defendants to the form of the petition and the sufficiency of the proof, but the conclusion to which I have come upon the objection considered renders any discussion thereof unnecessary. They may be corrected upon a new application. Let orders be entered in compliance with the foregoing directions.

Ordered accordingly.