In re EAST 161ST. ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 31, 1909.)

Appeal from Special Term, New York County.

Proceedings by the Mayor, Aldermen, and Commonalty of the City of New York to acquire land for widening of East 161st street. From a judgment entered on the decision of the Special Term (52 Misc. Rep. 596, 102 N. Y. Supp. 500), dismissing the proceeding so far as it attempted to acquire certain property of the New York Central & Hudson River Railroad Company, the parties aggrieved appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Thomas C. Blake, for appellant.
Ira C. Place, for respondent.

PER CURIAM. Affirmed, on opinion of court below.

INGRAHAM, J. I dissent from the affirmance of this judgment. Express authority was conferred by law for the filing of certain maps and profiles of the Twenty-Third and Twenty-Fourth wards of the city of New York. In pursuance of the authority thus conferred, final maps and profiles were duly filed, upon which 161st street was laid out to the width of 100 feet. By section 958 of the consolidation act (chapter 410, p. 262, of the Laws of 1882, as amended by section 2, c. 267, p. 529, of the Laws of 1893) the municipal corporation was expressly authorized to—

"acquire title, for the use of the public, to all or any of the lands required for the streets, avenues and roads laid out in the Twenty-Third and Twenty-Fourth wards of the said city of New York, or any portion of said streets, avenues, roads, public squares and places in the said Twenty-Third and Twenty-Fourth wards of said City, whenever it shall deem it for the public interest so to do."

Section 957 of the consolidation act (chapter 410, p. 262, Laws 1882) provides that:

"No street or avenue not laid out before May 27, 1873, shall be constructed through or upon the depot or station grounds of any railroad or branch of the same, then operated by steam within the said wards, unless with the consent of the said railroad company."

To widen 161st street to 100 feet there was required a strip of land on the north side of the existing 161st street extending from Morris to Sheridan avenues. The block of which this strip was a part had been acquired by the New York Central Railroad Company, and was used as a yard in which the cars of the company were stored, and for other purposes. No part of this strip required for the widening of 161st street had been used by the railroad company for any of the purposes of a railroad. The tracks that had been constructed did not extend to this strip of land, and the only purpose for which it appears to have been used was for piling unused timber or other materials upon it. There was an entrance to the railroad yard from 161st street as unwidened; but such an entrance, so far as appears, could as conveniently have been made from the widened street.

The court below has held that, because this strip of land had been acquired by a railroad company and might in the future be used by the railroad company, the city authorities had no power to condemn it for a street use. It is undoubtedly the rule that, where the state has authorized the taking of lands for a public use which are held and impressed with a public trust, they could not be acquired for another public use without special authority from the Legislature, and in a general grant authorizing a corporation to acquire land by the right of eminent domain, there was necessarily excepted property already held upon a public trust by the authority and under the ward and control of the state (Matter of the Petition of N. Y., L. & W. R. R. Co., 99 N. Y. 12, 1 N. E. 27); but the land in question was not acquired by the railroad company under any proceeding in which it was de-

termined that the land was necessary for public use. It was acquired by purchase, and a large portion of it had been devoted to the uses of the railroad company; but here is a small strip of land, essential for the street as laid out under legislative authority, which is not used by the railroad company for a public use, and which the testimony does not establish is necessary for that purpose.

The fact that a railroad company has acquired by purchase property in a city does not, I think, place the property in the position of one that has been actually subject to a public trust for a public use, so as to prevent a municipality from acquiring title to it when it becomes necessary to use the property for street purposes. It seems to me that the burden is then upon the railroad company of showing that the portion required for the street is so connected with the public use that it necessarily should continue to be devoted to that purpose. The location of this property, the fact that the railroad company had never actually used it in connection with its transportation system, and the absence of evidence to show that the cutting off of this small strip of land would seriously affect the use for which the railroad company has acquired the property, seems to me to justify the application to condemn the property by the municipality for its use in the public street.

I think, therefore, the judgment should be reversed.

SCOTT, J., concurs.