was not decided, nor was any intimation made to such effect, that a person who owned property when it was damaged, but did not own it on May 9, 1894, is entitled to·an award.

If the foregoing views be correct, then the Change of Grade Damage Commission was without jurisdiction and was not authorized to make the award to the relator, because his testatrix did not own any of the property damaged on May 9, 1894.

In reaching this conclusion I have not taken into consideration the fact that an award for damages was made and paid to one who acquired title to lot "5" after the grade was changed. It may be that this award and payment under the Stillings Case was erroneous, but it can have no effect whatever so far as the legal rights of the parties here under consideration are concerned.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $50 costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. DOWLING, J., dissents.

---

In re NEPONSIT AVENUE, ADIRONDACK BOULEVARD, AND NEW-PORT ·AVENUE IN THE CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.   June 5, 1912.)

1. MUNICIPAL CORPORATIONS (§ 437*)—CONDEMNATION PROCEEDINGS—ASSESSMENT OF EXPENSE.

Where property owners laid out and improved a street and, after granting an easement therein to a street railroad company, tendered the city a deed to the fee, the city could not by condemnation proceedings procure title to the railroad company's easement for the benefit of the entire city and have the expense. of the. same assessed back upon the owners of the fee.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § . 1051; Dec. Dig. § 437.*]

2. EMINENT DOMAIN (§ 50*)—EASEMENT OF STREET RAILWAY COMPANY.

Where the owners laid out and improved a street and granted an easement therein to an existing street railroad company, and where the railroad company laid out extension lines in the street and stood ready to operate the same upon receiving the consent of the Public Service Commission, this easement could not be taken by the city, in condemnation proceedings. for another public use; there being no express legislative authority therefor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 104; Dec. Dig. § 50.*]

Application by the City of New York to condemn the fee in certain streets. Denied.

Archibald R. Watson, Corp. Counsel, for City of New York.
Joseph F. Keany, for Ocean Electric Ry. Co.
H. Gordon Pierce, for West Rockaway Land Co.
Alfred T. Davison, for Queens Borough Gas & Electric Co.
David S. Bingham, for Neponsit Bldg. Co.
Lynn C. Norris, for Neponsit Realty Co.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CRANE, J.  Application has been made for the appointment of commissioners to condemn the fee in Newport Avenue from Lincoln Avenue to Adirondack Boulevard, Adirondack Boulevard from Newport Avenue to Neponsit Avenue, and Neponsit Avenue from Adirondack Boulevard to Seaside Park in the Fifth ward of the borough of Queens, city of New York.  These streets and avenues have already been laid out by the owners of the fee, improved by gutters, curbs, and sidewalks and the regular street improvements, are now being used as public streets and thoroughfares, and adjoining property has been sold according to the maps designating said streets and avenues as public highways.

Rights have been granted by the owners of the fee to the use of these streets for gas and electricity, water, and telephone purposes, and the fee which is to be taken by the city in these proceedings, as stated upon argument and alleged, is to be taken subject to all these rights.  Therefore no question whatever arises as to any of the companies having such easements.  The only question in this case relates to the rights heretofore conferred upon the Ocean Electric Railroad Company, which has an easement in the street sought to be opened, and this question arises under the following circumstances:

The Ocean Electric Railroad Company operates its line of cars on Newport Avenue past Lincoln Avenue up to Dover Street.  It has received heretofore a grant of an easement or privilege to extend its line on Newport Avenue from Dover Street to Adirondack Boulevard, along that boulevard to Neponsit Avenue, and along Neponsit Avenue to Seaside Park.  There is no question raised but what it has complied with sections 90 and 91 of the Railroad Law (Consol. Laws 1910, c. 49), and that it is at present ready to operate, over tracks which have been laid, this extension of its railroad upon receiving from the Public Service Commission the consent required by section 53 of the Public Service Commissions Law (Consol. Laws 1910, c. 48).

[1] The owners of the fee of these streets have tendered to the city a deed of the fee which the city seeks to take by these condemnation proceedings, subject to the rights of the railroad, so that the only purpose of this proceeding is to take from the railroad whatever easement it has in the streets.  It is not denied by the city but what the railroad company has received the easement for railroad purposes in the streets in question from the owners of the fee thereof, and it is very frankly stated upon the argument that it is the purpose of this application to condemn this easement and pay the company the value thereof so that the railroad company shall not have perpetual easement in a city street without first making application to the city authorities and paying the terms imposed.

The cost and expense of acquiring this easement is to be assessed back upon the owners of the fee who have already granted it to the railroad company.

We therefore have these facts:  That the owners of the property have laid out a street which is improved and have granted to a railroad company the right to lay its tracks and run cars over this street.

They have tendered to the city the fee of the street subject to the easement of the railroad, but an application is made on the part of the city to acquire the fee without the easement by paying the railroad company the value thereof, and assessing the value of this easement back upon the owners who granted it.

The first serious objection to this entire proceeding is that it takes the property of the adjoining owners without just compensation and is therefore illegal. It makes the adjoining owners pay an assessment without receiving any benefit, and this cannot be done. Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443.

The street was laid out originally by the owners in order to develop their land companies in this section of Queens county, and the railroad company, which had the right to operate and was operating its railroad down to and through a portion of this property, was induced to go still further and extend its line to Seaside Park for the convenience of property owners in the section which was being developed, and for the benefit of the land companies desiring to sell and dispose of the adjoining property. The inducement to the railroad consisted in granting to it an easement in the street above named and the right to lay its tracks therein. It is apparent and must be conceded that the extension of the railroad from Dover Street to Seaside Park is a great advantage and financial benefit, as well as convenience, to all the property holders within the proposed assessment area, and that to take away the railroad would be a great detriment; and yet the city by this proceeding attempts to take away and condemn the easement or rights of the railroad and assess the cost thereof back upon the property owners receiving a serious detriment thereby instead of benefit. The only profit or benefit in taking the easement of the railroad is to the entire city, and not to those within the assessment area. It is claimed and stated that, if the rights of the railroad are condemned, then the company, in order to extend its line from Dover Street to Seaside Park, will be obliged to apply to the city authorities for a limited franchise in the public streets and pay the value thereof. This is a gain and benefit to the entire city to be obtained at the expense of a few property owners within a very limited area. The illegality of this is apparent without the citation of the numerous authorities in this state following the principle of the Norwood Case, above cited, that land cannot be assessed for improvements which in no way benefit it.

[2] There is one other objection to this proceeding which I am inclined to think is also fatal to it. The Ocean Electric Railroad Company is an existing street railroad company, operating its cars and having, as above stated, an easement or grant from the owners of the fee to extend its line about 15 blocks further through streets appropriated by them to public use. The railroad company has everything requisite to legally operate its cars over the extension except the consent of the Public Service Commission, after determination that such user is necessary and convenient for the public service. This right acquired by the railroad company is not for its private use, but has been accepted under the law with a public trust im-

pressed upon it. It could accept the property by private grant, as well as obtain it under condemnation proceedings; but in both instances it would hold the grant or easement subject to the public trust. In the Matter of Petition of N. Y. L. & W. R. R. Co., 99 N. Y. 12, at pages 23 and 24, 1 N. E. 27. And this public duty or trust could not be ignored by the railroad company, as it would cease by nonuser. Section 5 of the Railroad Law; In the Matter of Brooklyn, Queens County & Suburban R. R. Co., 185 N. Y. 171, 77 N. E. 994. The easement accepted and now owned by the railroad company is therefore an easement or property already devoted to a public use and cannot be taken in condemnation for another public use without express legislative authority, which has not in this case been granted. In the Matter of Mayor (East 161st Street) 52 Misc. Rep. 596, 102 N. Y. Supp. 500; s. c., 135 App. Div. 912, 120 N. Y. Supp. 839, where it appears from the dissenting opinion that the strip of land in that case was not then actually used by the railroad, but might be in the future; affirmed in 198 N. Y. 606, 92 N. E. 1083. See, also, N. Y. C. & H. R. R. R. v. City of Buffalo, 200 N. Y. 113, 93 N. E. 520; In the Matter of Staten Island Rapid Transit Co., 103 N. Y. 251, 8 N. E. 548; In the Matter of the City of New York (West 134th Street) 143 App. Div. 258, 128 N. Y. Supp. 589.

With the understanding, therefore, that the owners of the fee of the street stand ready to and will give to the city a deed in fee subject to the easement in said street not inconsistent for street user, I will deny this application.