Matter of the Application of THE CITY OF NEW YORK, Relative to the Opening of SENECA AVENUE, in the Borough of Queens.

(Supreme Court, Kings Special Term for Motions, February, 1917.)

Condemnation proceedings — when lands cannot be acquired for street purposes except by express legislative action — railroads — judgments.

Where railroad property is used as a car barn and for storage and other purposes or may be needed therefor in the future, it cannot be acquired for street purposes except by express legislative action.

The same rule applies to the acquisition of lands for street openings as applies to the assessment for benefit, i. e., property acquired for a public purpose cannot be condemned for another public purpose except by express legislative authority, nor can it be assessed for an improvement made.

A street surface railroad has the same right to oppose the taking of its property whether acquired by purchase or by condemnation as any other railroad has.

Where the board of estimate has determined that there is a public necessity for a proposed new street, its judgment in that regard being political and not judicial cannot be reviewed.

APPLICATION by the city of New York for the appointment of commissioners to condemn certain lands for street opening purposes.

Lamar Hardy, Corporation Counsel (Joel J. Squier and John J. Kearney, of counsel), for application.

George D. Yeomans (C. L. Woody, of counsel), for Coney Island and Brooklyn Railroad Company, in opposition.

CROPSEY, J. The Coney Island and Brooklyn Railroad Company interposes an answer in this proceeding, claiming that Seneca avenue cannot be opened through its property. It owns the land sought to be taken between Willoughby avenue and DeKalb avenue. It also owns on both sides of the proposed street. That is, it now owns a large tract of land which will be bisected by this improvement. The property is used as a car barn and for storage and other purposes: A large brick building, the car barn, is erected on the northeasterly line of Seneca avenue, extending from Willoughby avenue to DeKalb avenue. This building would not be destroyed by this proceeding, but its usefulness would be impaired, by reason of the fact that

Supreme Court, February, 1917. [Vol. 98.

the grade of Seneca avenue would be so much below the building grade that it would be impossible to run cars into the building from the Seneca avenue side, as is now done. Another brick building extends across the line of Seneca avenue near Willoughby avenue, and abutting on the car barn, which also belongs to the railroad and is used as a heating plant. This would be entirely destroyed if the street was opened. The railroad also has car tracks on the greater part of the land which would be taken. The building, tracks and property are daily used by the railroad.

Use of property by a railroad is a use for a public purpose, and when such a use is being made the same property cannot be acquired for any other public use, except by express legislative action. *New York C. & H. R. R. R. Co.* v. *City of Buffalo,* 200 N. Y. 113; *Matter of City of New York (West 134th St.),* 143 App. Div. 258. No such action is here shown. It is not even essential that the property shall be actually in use by the railroad, if it will be needed for its purposes in the future. *Matter of City of New York (East 161st St.),* 52 Misc. Rep. 596; affd., 135 App. Div. 912; affd., 198 N. Y. 606; *Suburban R. T. Co.* v. *City of New York,* 128 id. 510; *Matter of City of New York (Neponsit Avenue),* 77 Misc. Rep. 246; affd., *sub nom. Matter of City of New York (Newport Avenue),* 171 App. Div. 928; affd., 218 N. Y. 274.

The same rule applies to the acquisition of lands for street openings as applies to the assessment for benefit, *i. e.,* property acquired for a public purpose cannot be condemned for another public purpose (except by express authority), nor can it be assessed for an improvement made. *Matter of City of New York (East 136th St.),* 127 App. Div. 672, 675, 676; *New York, N. H. & H. R. R. Co.* v. *Village of Port Chester,*

149 id. 893; *People ex rel. New York, W. & B. R. Co. v. Waldorf,* 168 id. 473.

A street surface railroad has the same right to oppose a taking of its property that any other railroad has (*Adee* v. *Nassau Electric R. Co.,* 72 App. Div. 404; affd., 177 N. Y. 548; *Schenectady Railway Co.* v. *Lyon,* 41 Misc. Rep. 506; affd., *sub nom. Schenectady Railway Co.* v. *Peck,* 88 App. Div. 201; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274); and the right exists, irrespective of whether the property was acquired by purchase or condemnation. *Matter of Mayor of City of New York* (*East 161st St.*), 52 Misc. Rep. 596, 599.

The additional point urged by the railroad, that there is no public necessity for the proposed improvement, cannot be passed upon. The board of estimate has determined that there is such need and its judgment in that regard, being political and not judicial in its nature, cannot be reviewed. *Matter of City of New York* (*Ely Ave.*), 217 N. Y. 45, 57.

This is the proper time to make the objection which the railroad company has raised, that is when the appointment of commissioners is applied for. *Matter of Mayor,* 22 App. Div. 124.

For the reasons stated, so much of this application as affects the railroad's property is denied. As to the balance, an order may be submitted, with notice of settlement. In *Matter of City of New York* (*Newport Ave.*), 171 App. Div. 928, an order was held to be proper and not a judgment, though there was a judgment entered in *Matter of Mayor of City of New York* (*East 161st St.*), 135 App. Div. 912; affd., 198 N. Y. 606.

Ordered accordingly.