In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Two Hundred and Twenty-first Street (Bayside Boulevard — Tenth Street) from Forty-first Avenue to Forty-second Avenue in the Borough of Queens, City of New York.

In the Matter of the Application of THE CITY OF NEW YORK, etc., NORTHERN BOULEVARD.

In the Matter of the Application of THE CITY OF NEW YORK, etc., THIRTY-FOURTH AVENUE.

(Supreme Court, Kings Special Term for Motions, September, 1921.)

Municipal corporations — legislative acts of — when presumption in favor of does not apply.

Condemnation proceedings — railroad property in possession of federal court may not be taken — forfeiture of franchise by resolution.

> The rule that the court will not impute other than public motives for the action of municipal bodies clothed with an

exercising legislative power and will not permit collateral attack upon such action does not apply where the official records show upon their face that the act sought to be done is one which the city authorities have no legal power to do.

Where the real purpose of the city of New York in a condemnation proceeding for street purposes is to acquire title to the tracks of a railroad company which was in the hands of receivers appointed by a federal court long before the adoption of the resolution forming the basis of the application in said proceeding, and it appears that the federal court has decreed a sale of all the railroad property, the application, so far as it affects the railroad properties which are not contained in any public street, must be denied as not having been made in good faith.

Real property within the city of New York which is in the possession of a federal court cannot be taken in condemnation proceedings under a resolution forfeiting a franchise granted by the city and not covering the operation of a railroad on private property.

APPLICATION by the city of New York for the condemnation of lands for street purposes.

John P. O'Brien, corporation counsel (L. Howell LaMotte, assistant corporation counsel, of counsel), for petitioner.

Frueauff, Robinson & Sloan (Robert S. Sloan, of counsel), for William Paul Allen and John G. Moran, receivers of The New York and North Shore Traction Company, and for the Union Trust Company and Edwin V. Hale, trustees, respondents.

John E. Brady, for The New York and North Shore Traction Company, respondent.

CROPSEY, J. The city seeks to condemn portions of three streets. They are connected, and in fact are remote the one from the other. They do not constitute any system.or chain of boulevard or roadway, and

Supreme Court, September, 1921. [Vol. 116.

the real purpose which the objectors assert is behind the application is to secure control of the surface railroad property owned by the objectors. There can be no doubt that the real object behind the city's moves is the one stated. The properties sought to be acquired in these proceedings belong to the railroad company and contain their tracks. If these proceedings should be approved the width and shape of the streets would be irregular merely to permit of the taking of the railroad company's property. But aside from these and other matters which the papers present, the official records of the city show that the purpose of the city is to acquire title to the railroad company's tracks. And it is not surprising that no denial is presented by or on behalf of the board of estimate of the city or any of its members who voted for the resolutions upon which the proceedings were instituted. The fact that the purpose is to acquire the railroad could not truthfully be denied; and it is a pity to find that one of the assistants in the office of the corporation counsel has been required to attempt to deny the allegations of the objecting parties which assert the real purpose behind these applications. Such denials mean nothing and should not find lodgment in any judicial papers. The rule is well settled that the court will not impute to the action of municipal bodies clothed with and exercising legislative power other than public motives for their acts, and will uphold the presumption that such acts were properly done, and will preclude them from collateral attack. *Matter of City of New York, Ely Ave.*, 217 N. Y. 45, 57–59. But where the official records show upon their face that the act sought to be done is one which the city authorities are without power to do this rule cannot apply. See *Matter of City of New York, Montague St.*, 87 Misc. Rep. 120.

But if this were otherwise there are further objec-

tions to be considered.  The railroad in question is in the hands of receivers.  They were appointed by the United States District Court of the Eastern District of New York long before the city adopted the resolutions forming the basis of these applications. Those receivers have been in possession of the railroad property since their appointment and the United States court has made a decree directing the sale of all the railroad property.  That, of course, includes the pieces of property that would be taken if these proceedings were approved.  And under the resolutions of the board of estimate title to these parcels would vest in the city upon the entry of the court's order authorizing their condemnation.  It is urged that this court should not interfere with the property now in the possession of the United States court and its receivers.  The question has frequently arisen where both the state and the United States courts have jurisdiction; and the rule is that the court which first obtains possession of property has the right to maintain such possession and control its disposition. " That rule has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked.  It simply requires, as a matter of necessity, and therefore, of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, draws to itself the exclusive right to dispose of it, for the purposes of its jurisdiction."   *Heidritter* v. *Elizabeth Oil-cloth Co.,* 112 U. S. 294, 305.  See, also, to the same effect *New Orleans* v. *Steamship Co.,* 20 Wall. 387, 392; *Chapman* v. *Brewer,* 114 id. 158, 171–172; *Leadville Coal Co.* v. *McCreery,* 141 id. 475, 477, 478.  And this rule has

been directly applied to situations similar to that here present where property which was in the possession of the United States courts has been sought to be condemned under proceedings in the state court. *Western Union Tel. Co.* v. *Atlantic & Pacific Tel. Co.,* 7 Biss. 367; *Coster* v. *Parkersburg Branch R. Co.,* 131 Fed. Repr. 115; affd., *sub nom. Buckhannon & N. R. Co.* v. *Davis,* 135 id. 707. The *Western Union* case above cited was approved and followed in *Matter of Tyler,* 149 U. S. 164, 186. When these proceedings came before the court the railroad property was being advertised for sale under the decree of the United States court. To have permitted the city to have condemned small portions of it would not only have destroyed the entity of the road and thus made its sale more difficult, but would have made possible a conflict of authority between the courts. That should not be made possible nor even be permitted.

There is nothing in *Gas & Elec. Securities Co.* v. *Manhattan & Queens Traction Corp.,* 266 Fed. Repr. 625, and *Westinghouse Elec. & Mfg. Co.* v. *Richmond Light & R. Co.,* 267 id. 490, cited by the corporation counsel, which is in conflict with what has been stated above. These cases merely held that the city authorities should not be enjoined from adopting a resolution forfeiting a franchise granted by the city. They recognized, however, the general rule that property which was in the possession of the federal court could not be taken by the city under any such forfeiture.

Another objection is that the property sought to be taken being railroad property is being used for a public purpose and so cannot be condemned for another and different public use. This is the rule unless there is express legislative action permitting the contrary. *Matter of City of New York, Saratoga Ave.,* 226 N. Y. 128. And the use of property by a rail-

road is a use for a public purpose and it is not essential that the property shall be actually in use if it will be added for its purposes in the future. *Matter of City of New York, Seneca Ave.,* 98 Misc. Rep. 712, and cases therein cited at p. 714. The city's answer to this proposition is that the railroad has ceased to operate and that the city has forfeited its franchise under the terms thereof. But the properties of the railroad sought to be taken in these proceedings belong to the railroad and are not contained in any public street except in so far as the resolutions upon which these proceedings were based sought to extend the streets in question to include the railroad tracks. The franchise granted by the city was to operate a railroad on certain public streets. It did not cover the operation of a road upon private property.

These applications are not made in good faith. They are plainly endeavors by the present city administration to obtain possession of the railroad in question so it may be operated by the city, although there is no power in the city to do so. But aside from this question the other objections that are raised are fatal to the granting of the applications. If any property is sought to be taken in either of these proceedings which does not belong to the railroad company or its receivers the applications may be granted as to such properties. It must be denied so far as it affects the railroad properties. The order to be entered should be upon notice given.

Ordered accordingly.