SAMUEL SLEPIAN et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 42551.)

Fourth Department, January 14, 1971.

Magavern, Magavern, Lowe & Beilewech (*Samuel D. Magavern* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondent.

GABRIELLI, J. Because of a claimed inadequacy of an award for the permanent appropriation of a portion of claimants' property located in the Town of Amherst, appeal is taken from a judgment of the Court of Claims. Claimants also appeal from an order denying their motion to set aside the decision and permit additional proof to be introduced.

Critical to an evaluation of claimants' damages is the question regarding the boundaries of their property, consisting of a gasoline filling station and a small office building. In their attempt to show that the appropriated parcel was corner property, claimants moved to reopen in order to introduce incontrovertible evidence to prove that the property abutted on Niagara Falls Boulevard and Sheridan Drive. This motion should have been granted and we consider its denial as an improvident exercise of discretion. Considering the matter sought to be offered as part of the proof in the case (CPLR 4522), we reverse and grant the motion. We are not required to remit for a new trial since evidence of this character may be " ' received by the appellate court for the reason that, being in its nature incontrovertible, it would be idle to send the case back for a new trial for the sole purpose of admitting it.' (*Dunham* v. *Townshend,* 118 N. Y. 281, 286; *People* v. *Flack,* 216 N. Y. 123, 129; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274, 279; *Matter of Cooper,* 93 N. Y. 507; *Rossbach* v. *Rosenblum,* 260 App. Div. 206; Cohen and Karger, Powers of the New York Court of Appeals, § 168.) ". (*Ripley* v. *Storer,* 309 N. Y. 506, 518; see, also, *People ex rel. Williams* v. *Murphy,* 6 N Y 2d 234.)

In our view the award of $24,500 as damages for the permanent appropriation of a portion of claimants' property is inadequate. The court's conclusion and finding that the subject property was not a corner parcel and the resulting valuation based thereon were erroneous, and a contrary conclusion should

have been reached. It conclusively appears that the acquisition of a strip of land along Niagara Falls Boulevard by the County of Erie in 1929 pursuant to section 148 of the Highway Law as it then read, was for highway purposes, leaving claimants' property as abutting on these intersecting streets. In fact the appropriation map filed by the State and the description of the appropriated property appearing in the judgment, leave no doubt that the property was corner property. This conclusion is amplified by the filed documents which show that the strip in question was purchased by the county for the State for highway purposes. It also follows that when the strip was so acquired, it became a part of the highway, and the abutting owners were entitled to access over it (*Dormann* v. *State of New York*, 4 A D 2d 979, mot. for lv. to app. den. 4 N Y 2d 676; *Griefer* v. *County of Sullivan*, 246 App. Div. 385, affd. 273 N. Y. 515). Because the court treated claimants' land as non-corner property and arrived at land damages based solely on comparables having frontage on Sheridan Drive, the award cannot stand and should be increased. It is not necessary to remit for this purpose, for the record contains valuations before the taking which reflect corner influence and there exists an abundance of evidence upon which we may make new findings as to damages. The appraisers for claimants and the State treated the appropriated property as corner property and reached their respective valuations based on corner comparables located at the same intersection. We find the value of the land before the taking to be $27,170. After deducting expenses of $1,951, we find a net annual income from the service station and certain rentals, to be $5,197. Imputing to the land income of $1,630 and using a 6% capitalization rate for the land, the building is valued at $28,540 based on a 12.5% capitalization rate on the remaining net annual income of $3,567. Adding this value to the found land value of $27,170, we further find a before value of $55,710. Since the evidence supports an after taking value of $10,000 as found below, an award of $45,710 is warranted on this record.

The judgment should be modified accordingly, and the motion should be granted.

DEL VECCHIO, J. P., MOULE and HENRY, JJ., concur.

Judgment unanimously modified on the law and facts in accordance with the opinion herein, and as so modified affirmed, with costs to claimants.

Order unanimously reversed without costs, and motion granted in accordance with the opinion.