■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v WALTER F. SCHIENER, JR., et al., Appellants. (Appeal No. 1.)—Order and judgment unanimously affirmed, without costs. Memorandum: Although the referee made an erroneous statement that the defendant had the burden to prove that plaintiff did not bargain in good faith *(Matter of Lockport & Buffalo R. R.,* 77 NY 557, 563; *Matter of Marsh,* 71 NY 315, 318-319; *Matter of Bronx Parkway Comm. [Cipolla],* 176 App Div 717, 720-721; *Golowich v Union Free School Dist. No. 8, Town of Greenburgh,* 25 Misc 2d 867, 872-873), we read his decision as recognizing that plaintiff had that burden and had established prima facie case of bargaining in good faith for these properties, and that defendants failed to meet their ensuing burden of going forward to overcome such proof. The record shows that plaintiff made offers to each of the defendants or their authorized representatives and were sternly rebuffed, either with an absolute refusal to negotiate or with such an exorbitant demand as to be tantamount to refusal; and this evidence made its prima facie case of bargaining in good faith (see *Matter of Prospect Park & Coney Is. R. R. Co.,* 67 NY 371, 377-378; *County of Orange v Stillman,* 251 App Div 857, 858; *Dormitory Auth. of State of N. Y. v 59th St. & 10th Ave. Realty Corp.,* 62 Misc 2d 174, 178-179; *City of Utica v Damiano,* 22 Misc 2d 804, 809). The easement sought by plaintiff was definite, minimizing the likelihood of consequential damages, and the principle controlling in *Kravec v State of New York* (40 NY2d 1060) is not applicable herein (see *Lorig v State of New York,* 58 AD2d 734, 735). We do not hold that the issue of failure to bargain in good faith with respect to consequential damages can never be raised in a jurisdictional proceeding. In order to avoid frustrating

the policy of law against undue delay in condemnation proceedings, however, we suggest that only where defendant's refusal to agree is based upon a substantial showing of consequential damages and his reasonable estimate of the value thereof, should that issue be injected into the jurisdictional proceeding. Of course, the issue of consequential damages can still be litigated later before the commissioners of appraisal (see *Home Gas Co. v Kuruc,* 206 Misc 130, 135-136). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.