the policy of law against undue delay in condemnation proceedings, however, we suggest that only where defendant's refusal to agree is based upon a substantial showing of consequential damages and his reasonable estimate of the value thereof, should that issue be injected into the jurisdictional proceeding. Of course, the issue of consequential damages can still be litigated later before the commissioners of appraisal (see *Home Gas Co. v Kuruc*, 206 Misc 130, 135-136). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v SOPHIE SCHWAB, Appellant, et al., Defendants. (Appeal No. 2.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v RALPH R. PAUL et al., Appellants. (Appeal No. 3.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v PAUL C. LEWIS, Appellant. (Appeal No. 4.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v A. MYRTLE GROM, Appellant, et al., Defendants. (Appeal No. 5.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v NORMAN C. DENNY et al., Appellants. (Appeal No. 6.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v DOROTHY SALVERSON, Appellant. (Appeal No. 7.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *New York State Elec. & Gas Corp. v Schiener* (60 AD2d 981). (Appeal from order and judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ KAREN HARRINGTON, Respondent, v AUBREY L. HARRINGTON, Appellant.—Order reversed and petition dismissed, without costs. Memorandum: Petitioner-respondent commenced this proceeding on July 15, 1977 by order to show cause in Family Court pursuant to subdivision (b) of section 651 of the Family Court Act to obtain permanent custody of her 10-year-old child. Respondent-appellant, the child's father, had been awarded custody pursuant to a decree of divorce entered October 28, 1976. The divorce decree