JAFCO REALTY CORPORATION, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 36539.)

Fourth Department, February 21, 1963.

*Louis J. Lefkowitz*, Attorney-General (*Jean M. Coon* and *Paxton Blair* of counsel), for appellant.

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger* (*Adrian Block* and *Joseph Swart* of counsel), for respondent.

HENRY, J.   The State appropriated land which it deemed necessary for purposes connected with the Thruway system over which claimant owned an easement whereon it maintained a roadway for ingress and egress to and from its lands west of the lands so appropriated.   The State reserved the easement to claimant but limited claimant's use thereof by the following proviso:   '' Providing the exercise of these rights, does not, in the opinion of the Superintendent of Public Works or the Chairman of the Thruway Authority, as the case may be, acting in the best interests of the People of the State of New York, interfere in any way with the Public use hereinbefore described.''

The State made a similar reservation and proviso to Erie Railroad Company of its right to cross the appropriated land by two lines of railroad track located a short distance north of claimant's roadway.

The State thereafter constructed a portion of the Niagara section of the Thruway system on the appropriated lands the pavement of which was elevated above the railroad tracks and claimant's roadway.   An opening was constructed thereunder through which the railroad tracks and claimant's roadway ran. This left the use of the easements unimpaired except that use thereof was limited to a height of about 22 feet.

The Court of Claims rendered judgment in favor of claimant in the amount of $375,000 and interest for damages sustained from the appropriation.   The judgment is based upon the court's decision that under the above-quoted proviso '' claimant's access to its remaining property may be terminated at any time and if this were done, claimant would have no further claim.''   We do not so construe the proviso.

Its words are to be construed in the light of its apparent object and the extent of the limitation imposed on claimant's use of its easement is to be determined by the language used and

upon consideration of the necessity to be supplied and no greater limitation will be placed on what claimant may do in the exercise of its easement than the public use requires. "In condemning lands *in invitum* for public purposes it is the duty of those upon which such power is conferred to see to it that no more land is taken and no greater damage is done to what remains than is necessary for the public use intended." (*Matter of City of New York,* 74 App. Div. 197, 205, affd. 174 N. Y. 26.) "The quantum of the title to be taken will not be extended by implication." (*Crouch* v. *State of New York,* 218 App. Div. 356, 358.) "The State, in the exercise of the right of eminent domain * * * should take, only such an interest and right as is necessary to be acquired to accomplish the public purpose in view. An easement merely * * * or the right to a temporary * * * use of property * * * may thus be acquired as the public service may demand". (*Sixth Ave. R. R. Co.* v. *Kerr,* 72 N. Y. 330, 332–333.)

The overpass has now been completed. It is a structure similar to others which have been built whereby the Thruway passes over highways and railroads throughout the State. When the appropriation was made, the general purpose and policy intended to be promoted and the necessity to be supplied contemplated construction of a nonaccess Thruway section which would preserve claimant's and the railroad's easements, which had been reserved to them by the appropriation, across the lands to be occupied by the Thruway, by the use of a structure such as the one thereafter actually built, which, when completed, would accommodate such easements.

The provisions of claimant's easement permit it to construct and maintain a roadway, electric, telephone, water, gas, sewer and the usual utilities' structures thereon. Its easement is unlimited in height and permits maintenance of electric, telephone, and utilities' structures at any height and also permits transportation of high-masted vessels and cranes thereon. The reservation and proviso permit claimant to exercise its easement in any way that will not interfere with the public use. The Thruway now passes over claimant's roadway at a height of 22 feet. The exercise of any rights granted to claimant by the easement at a height of over 22 feet would interfere with the public use and is prohibited by the proviso.

In *Brubaker* v. *State of New York* (17 A D 2d 519, 523) the court held that where an appropriation "reserved merely the present owner's right of access, not transferable * * * for market value purposes the * * * parcel was left without access." In the instant case the reservation is not so restricted

but is similar to that in *Kradjian* v. *State of New York* (15 A D 2d 706) where the court considered a provision of an appropriation of easements across the claimants' right of way whereby the State "reserved to the owners the right to use the property so long as such use does not interfere with its use for such purposes by the State", and decided that it did not give the State any right to cut off the claimants' use of their right of way. There the claimants owned an easement over a driveway which was their only means of access to the rear of their properties. The State, by its appropriation, took permanent easements across claimants' easement for the purpose of constructing, maintaining and operating thereon an access drive and a pedestrian access with the right at all times of ingress, egress and regress over claimants' roadway. There the State appropriated a limited easement over the claimants' right of way, and the claimants continued to own their easement. In the instant case, the State, by reserving claimant's easement to it, placed claimant in the same position. In both cases the claimants retained their easements after the appropriation and there was reserved to the claimants in each case the right to use their respective easements so long as such use did not interfere with the use by the State. The State, under the terms of such appropriations had no right to cut off the claimants' access or use of their respective rights of way. In each case, however, the appropriation imposed burdens or limitations on the easements retained by the respective claimants for which they were entitled to compensation.

The proviso does not contemplate any taking of claimant's easement by the State but concerns only the use to be made thereof by claimant. In recognition of this we adopt the following finding which was requested by the State in the court below: "If the State of New York or the Chairman of the New York State Thruway Authority does in the future by some affirmative act cut off claimant from its access to its marina property (lying westerly of the appropriated area) or in some manner terminate the easement agreement executed by the City of Buffalo with the predecessor of claimant, such action will then constitute a *de facto* appropriation of claimant's property for which claimant may then be entitled to compensation."

This view of the appropriation is consonant with the general duty which rests upon municipalities not to take more lands or a greater estate therein for specific public purposes than is necessary and this determination leaves respondent no ground for apprehension that its easement can hereafter be terminated without compensation. (Cf. *Matter of City of New York,* 174 N. Y. 26, 35, 36, *supra.*)

Claimant is entitled to be compensated for all damages which it sustained as a result of the limiting of the height of its easement to 22 feet. There is no proof of such damages in the record, the parties evidently limiting their proof to the damages which would be sustained under the erroneous theory that claimant's access to its marina property might be terminated without compensation.

The judgment should be reversed on the law and facts, and the matter should be remitted to the Court of Claims for determination of the amount to be awarded to claimant for the damages which it sustained as a result of limitation of the height of its easement.

Williams, P. J., Bastow, Halpern and McClusky, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and matter remitted to the Court of Claims for further proceedings in accordance with the opinion. Certain findings of fact disapproved and reversed.