Memorandum: The orders should be affirmed, without costs. The easement is to be construed strictly against the State and Power Authority and, at the very least, claimants possess “ the right and privilege of using such property, provided the exercise of such right and privilege does not interfere with or prevent the user and exercise of the permanent easement ” as well as “ the absolute right to cross the said lands covered by the easement for purposes of ingress and egress, including the right to build roads across the said lands and to have the right in perpetuity to use said roads.” Further concessions made by the State and the Authority in this court amplify that stipulation by conceding that it includes not merely the right of ingress and egress and to build roads on the surface of the land, but also to construct and maintain electric, telephone, water, gas, sewer and other customary wires and conduits or other usual utility structures, above or below ground at suitable locations in conjunction therewith. (Cf.
 
 Holden
 
 v.
 
 City of New York,
 
 7 N Y 2d 840.) It follows that, if the State or Power Authority later interferes with these rights of claimants, they will have to answer for a
 
 de facto
 
 appropriation
 
 (Jafco Realty Corp.
 
 v.
 
 State of New York,
 
 14 N Y 2d 556).
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
 

 Orders affirmed.