WAYSIDE NURSERIES, INC., Individually and as Assignee of WAYSIDE NURSERIES LANDSCAPE DIVISION CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 47595.)

Fourth Department, April 8, 1971.

*Louis J. Lefkowitz, Attorney-General* (*J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Barlow, Miller, Rosenthal & Siegel* (*Harold M. Halpern* of counsel), for respondent-appellant.

GABRIELLI, J. We are called upon to review the correctness of an award of $57,000 for direct damages resulting from the appropriation of a permanent easement by the State. At the time of the taking, a portion of claimant's land was zoned commercial and the balance was zoned residential.

The easement taken, consisting of 31,709 square feet, bisects claimant's land and has, therefore, diminished its utility for business purposes and for commercial or residential development. Nonetheless, we find noticeably lacking any award for consequential damages to which claimant is entitled (4 Nichols, Eminent Domain, §§ 14.1[3], 14.2). This error is not cured by the State's contention that the appropriation reserved to claimant "the right and privilege of using this property providing the exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works * * * interfere with or prevent the user and exercise of the rights" by the State.

Contrary to the State's theory, the completeness of the taking at the time of the filing of the appropriation map was not in any way diminished by this claimed reservation. *Wolfe* v. *State of New York* (22 N Y 2d 292) concerned itself with an appropriation of two permanent easements with an identical reservation as above quoted and there the court, in defining the scope of the attempted reservation, held (pp. 295–296) that " the permanent easements taken were defined in exceedingly broad terms and the provision reserving certain rights and privileges to the owner neither diminished the scope of those permanent easements nor rendered their description ambiguous ". To put it another way, the court in *Wolfe* held that claimant's damages must be measured and fixed at the time of taking and based on what the State has taken, whether or not it intends to make full use of any or all of the property. (See, also, *Minesta Realty Co.* v. *State of New York,* 29 A D 2d 335, mot. for lv. to app. den. 22 N Y 2d 754.)

Equally lacking in merit is the State's claim that its appropriation merely shifted the easement restriction from the Town of Amherst to the State and the taking thus failed to affect claimant's ownership. The record is barren of any evidence of an easement in effect at the time of the appropriation and the court properly treated claimant's land as unencumbered.

A new trial is mandated for still another reason. Claimant's appraiser computed direct damages at $23,616 while the State's appraiser fixed them at $7,450. The award for direct damages was not within the range of the testimony nor was it otherwise supported by independent evidence and, hence, it cannot be sustained (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Clearwater* v. *State of New York,* 30 A D 2d 883, affd. 23 N Y 2d 1006; *McNitt* v. *State of New York,* 24 A D 2d 544). The attempt to justify the award based on a per square foot valuation of the commercially zoned property based on the testimony of the State's appraiser, must fail since such a valuation was predicated on an unrealistic conclusion that the value of the land encumbered by the easement was the same as claimant's valuable commercial land with corner influence; and, strangely enough, of the same value as certain residential lots within claimant's affected tract erroneously included in the witness' valuation of the commercially zoned lands. We are thus faced with a result shorn of any expert support and without any factual basis for the award or " other independent evidence ", as required by the holdings in *Clearwater* and *McNitt* (*supra*).

The judgment should be reversed and a new trial granted.

DEL VECCHIO, J. P., MARSH, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted, without costs of this appeal to either party.