■ RIDGEWAY ASSOCIATES, INC., et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41596.) — Cross appeals from a judgment in favor of claimants, entered September 2, 1970, upon a decision of the Court of Claims. On a prior appeal (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851), we reversed the judgment and ordered a new trial. The reversal was based on our determination that the evidence of both parties was inadequate to support the trial court's findings as to both direct and consequential damages. On the second trial, the parties stipulated that the

amount of direct damages by reason of the taking was $104,325 for the fee acquisition and $6,755 for permanent easements, in addition to which the trial court awarded net consequential damages of $105,500. The sole issue on this appeal is the award for consequential damages. The parties also stipulated that all the testimony of the original trial, except the testimony of the State's appraiser, was to be deemed part of the record of the retrial. After making the aforesaid stipulations, claimants rested offering no further testimony, apparently content to rely on the proof at the first trial to establish their consequential damages. Such proof of consequential damages was based on various increased costs allegedly caused by the appropriation to restore the remainder parcels to their previous condition as a residential development. The trial court based its award for consequential damages mainly on additional costs for site development as testified to by claimants' appraiser, and failed to find a before value and after value of claimants' entire parcel. In our decision on the prior appeal, we stated at pages 852–853 as follows: "In view of our rejection of the appraisal evidence offered by the State, we have considered the possibility of adopting *in toto* the conclusions of the claimants' appraiser, but have rejected this approach. One drawback of his testimony is his calculation of the subject property's value after the appropriation. This figure was arrived at primarily by deducting from the before value of the property as consequential damages the actual or, in some instances, the anticipated increased costs of developing the remainder area. While these costs are certainly valid factors to be considered in determining the subject property's post-taking value and the damages sustained, they are not, in and by themselves, solely determinative of the issues (Nichols, Eminent Domain, [3d ed., 1968], vol. 5, § 23.4; vol. 4, § 14.247)." Having held that consequential damages cannot be based solely on evidence of increased costs, in view of claimants' adoption of its erroneous appraisal methods again on the second trial, and their failure to produce further testimony, either corrective or additional, to the testimony produced at the first trial, we have no alternative but to again reject such evidence. "While evidence of the cost to cure a condition resulting from an appropriation is admissible such cost cannot be allowed in an amount greater than the amount of consequential damages otherwise supported by the record. (5 Nichols, Eminent Domain [3 ed.] § 23.2). Such prospective expenditures are not the measure of damages but are only an aid in determining the difference in the before and after value of the property (*Arkansas State Highway Comm.* v. *Speck,* 230 Ark. 712) and cannot operate to increase the damages above what they could be without the expenditure (*Pima County* v. *De Concini,* 79 Ariz. 154)." (*Goldsmith* v. *State of New York,* 32 A D 2d 607, affd. 26 N Y 2d 899.) We also note the contentions of the State that the basis of the award at the second trial of consequential damages was not specifically set forth by the trial court which merely made a recital of the sum total of reasons given by the witnesses at both trials for its award of increased costs due to the appropriation, and further that many items of costs in the testimony were costs of development that would be incurred in the ordinary development of the land rather than increased costs as a result of the appropriation. The State also contends that its testimony offered at the second trial established that the total severance damages were in the sum of $15,852 resulting from inability to build on 1.246 acres and increased development costs, but that the benefit to the remainder land due to the State's construction of a service road was in the sum of $24,000 and, therefore, claimants had a net benefit of $8,148, and any award for consequential damages was error. The State presented new evidence at the second trial through two witnesses, a real estate appraiser and a professional planner. The expert appraiser was of the opinion that, with the

exception of one section of the remainder parcels designated as section 6, there was no consequential damage caused by the appropriation. He established a before value and after value of the entire parcel and testified to direct damages of $100,000 and severance damages resulting in a benefit to the land, thus making total compensable damages limited solely to the amount of direct damages. He testified that in section 6 there was a loss of buildable land of 1.246 acres which he valued at $6,230, and he adopted the estimate of the city planner for increased costs of construction for that section caused by the appropriation which amounted to $9,622. The city planner testified that these costs related mainly to the installation of a storm and drain line, sidewalks, and miscellaneous fill, and that the cost of paving the service road would be $24,000 which was a benefit to claimants since many lots in the development abutted the road. The trial court found that the benefit from the service road was $15,100. On our review of the record, we agree with the State's contention that claimants received a benefit to their remainder parcels and they are, therefore, entitled to no consequential damages. Judgment modified, on the law and the facts, so as to reduce the award to $111,100, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.