■ BRADFORD B. WARREN, as Administrator of the Estate of NANCY WARREN, Deceased, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *Warren v State of New York* (51 AD2d 679). (Appeal from judgment of Court of Claims in claim for damages for wrongful death.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.

■ ROME URBAN RENEWAL AGENCY, Appellant, v BETTY NICKLEY et al., as Executors of ELIAS NICKLEY, Deceased, et al., Respondents. —Order unanimously affirmed, with costs. Memorandum: Respondents were the owners of three parcels of property in downtown Rome, title to which passed to the Rome Urban Renewal Agency (RURA) on June 17, 1970 pursuant to a judgment of condemnation. Compensation due to respondents as a consequence of the taking was set at $347,100 by a three-member commission of appraisal. On April 25, 1975 judgment was entered confirming the commission's award. On this appeal RURA contends that the record contains insufficient evidence of affirmative value-depressing acts on the part of the condemning authority which had lessened the value of the property and justified its appraisal based upon the value of the property before the acts took place under *City of Buffalo v Clement Co.* (28 NY2d 241). It also contends that the award was excessive. The *Clement* case *(supra)* held that there must be some proof of affirmative acts causing a decrease in value and difficulty in arriving at a value using traditional methods. Here the record shows that RURA formally announced its intention to take respondents' property in 1967. When respondents subsequently attempted to develop part of it as a drive-in ice cream stand, RURA objected and the proposed development was abandoned. Testimony and newspaper articles stipulated into evidence showed that as early as 1958 plans for the renovation of downtown Rome and the demolition of existing buildings had become public knowledge. We think this proof was sufficient *(City of Buffalo v Irish Paper Co.,* 31 AD2d 470, affd 26 NY2d 869). Furthermore, the award of $347,100 was well within the range of expert testimony *(Matter of Huie,* 2 NY2d 168; *Wayside Nurseries v State of New York,* 36 AD2d 212), which showed that the subject property, which was improved by a department store, was the largest contiguous tract of land under one ownership in downtown Rome. (Appeal from order of Oneida Supreme Court in condemnation proceeding.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.