Memorandum. The order of the Appellate Division should be reversed and the case remitted to the Court of Claims for the purpose of fixing damages in accordance with this memorandum.
The State of New York appropriated a permanent easement 21 feet wide over claimants’ property "for the purpose of constructing, reconstructing and maintaining thereon a drainage ditch, drainage structures and appurtenances”. The easement further reserved to the owners "the right of using the said property, providing the exercise of that right * * * does not interfere with or prevent the user and exercise of the easement rights”. The easement separates 9.217 interior acres of claimants’ property from Bridge Street and if the easement denies access to that inner portion, that property is landlocked and claimant is entitled to compensation accordingly.
The question is whether the reservation clause includes by implication an untrammeled right of access across the easement to the inner portion of the property. The easement is defined in exceedingly broad terms and the reservation clause in no way diminishes the sweep of those terms. The reservation clause does permit the claimants to use the property provided such use does not interfere with the "exercise of the easement rights.” This condition of noninterference, however, gives the State a virtual veto power over any use the claimants may wish to make of their property because only the State knows or can predict what size structures or impairments it may erect under the easement, or how it will use the easement and whether an activity by the claimants will interfere or not. Furthermore, the limitation of the reservation clause necessarily leaves it to the State to say whether the use the owner wishes to make of the property interferes with the easement. Under these circumstances a clear right of access does not exist and the inner portion of the property is thus deemed landlocked (Wolfe v State of New York, 22 NY2d 292; Wayside Nurseries v State of New York, 36 AD2d 212, affd 34 NY2d 876).
The Appellate Division’s reliance on Clark v State of New York (20 AD2d 182, affd 15 NY2d 990) and Jafco Realty Corp. v State of New York (18 AD2d 74, affd 14 NY2d 556) is inappropriate since both cases involved easements with an *1062 explicit reservation of access which is here absent, even by implication.
The amount of damages are fixed and measured at the time of the taking (Chester Litho v Palisades Interstate Park Comm., 27 NY2d 323; Wolfe v State of New York, supra). Absent an express grant of access, any action by the claimants on the easement may be deemed by the State to interfere with its rights; and any claimed implied right of access under these circumstances is too tenuous to merit consideration. Here, the easement effectively landlocks the inner portion of claimants’ property and the State should respond in damages, accordingly.