■ SALLY LORIG et al., Appellants, v STATE OF NEW YORK, Respondent.
(Claim No. 57571.)—Judgment unanimously affirmed, with costs. Memorandum: This matter arises out of the appropriation by the State, on behalf of the State Power Authority, of a permanent easement over claimants' property located in the Towns of Trenton and Marcy on November 18, 1970 for the purpose of constructing electric transmission lines. The property is bordered on the west by Fox Road, on the north by Round Barn Road and the remainder by adjoining lands. The easement is approximately 400 feet wide and affects 26.8 acres of a total subject area of 190 acres. The judgment of the Court of Claims awarded claimants $5,300, with interest, representing direct damages equal to 90% of the value of the property affected by the easement and awarded no consequential damages. We find no merit to claimants' contention that the court's finding, that the highest and best use of the highway frontage property before the taking was agricultural with potential for residential development, is against the weight of the evidence. Claimants assert that the highest and best use of this property was rural residential. To sustain this assertion, claimants were required to introduce facts showing the reasonable probability of rural residential development on such property in the near future (see *Matter of City of New York [Shorefront High School—Rudnick]*, 25 NY2d 146, 149; *Triple Cities Shopping Center v State of New York*, 26 AD2d 744, affd 22 NY2d 683; *Liere v State of New York*, 39 AD2d 980; *Crammond v State of New York*, 33 AD2d 861; 1 Orgel, Valuation Under Eminent Domain [2d ed], § 29, p 141; 4 Nichols, Eminent Domain [3d ed], § 12-314, pp 12-201, 12-205; § 12-3142, pp 12-244, 12-245). Here, the sole evidence presented by claimants consisted of sheer speculation and the part of their appraiser that there was a readily available market for residential lots along the highway portion of the premises. This opinion was allegedly based upon observation of the area, the number of sales of residential lots along existing roads, the number of new homes built in the area in recent years and the increased demand for residential property in contemplation of an upper divisional college extension. However, no specific figures were submitted with respect to either the number of residential lot sales in close proximity to the subject property or the amount of land available for residential strip development and no definitive evidence was introduced regarding the impact of the college extension upon the highway frontage property. Additionally, the court utilized the findings of one of claimants' appraiser's comparable sales (L-2), in which it was indicated that the best use of the frontage property was agricultural with potential for residential development. Therefore, it cannot be said that the court's finding is against the weight of the evidence. Nor do we find that the court erred in denying claimants' consequential damages as a result of the taking. The amount of damages to which the claimant is entitled as a result of an appropriation is to be measured and fixed as of the time of the taking *(Wolfe v State of New York,* 22 NY2d 292) and "the damage must be evaluated on the basis of what the State has the right to do under the terms of the easement as appropriated" *(Spinner v State of New York,* 4 AD2d 987, 988; see, also, *Wayside Nurseries v State of New York,* 36 AD2d 212, affd on opn below 34 NY2d 876; *Manlius Center Rd. Corp. v State of New York,* 49 AD2d 685). The terms of the easement assure claimants at least one access road and one complete set of utility lines across the area. Additionally, claimants are entitled to make any other use of their property within the easement so long as such use does not interfere with the

operation and maintenance of the power transmission lines. Claimants do not base their claim of consequential damages on theories of severance or lack of access (cf. *Kravec v State of New York,* 40 NY2d 1060, revg 51 AD2d 484; *Clark v State of New York,* 20 AD2d 182, affd 15 NY2d 990; *Jafco Realty Corp. v State of New York,* 18 AD2d 74, affd 14 NY2d 556) but rather argue that viewing the full extent of the easement, including its limitation of one access road and the possible negation of claimants' right to use any of the appropriated parcel, there is consequential damage to the remaining property. Inasmuch as the easement provides adequate physical legal access to the property adjoining the area of the taking and claimants have failed to present adequate proof with respect to either increased difficulty in the use of the adjoining property or the fact that the existence of electric transmission lines would make residential development more difficult and less attractive, the denial of consequential damages was proper (see *Gustafson v State of New York,* 76 Misc 2d 260, affd 56 AD2d 695). In the future should the State interfere with claimants' use of the easement area beyond the necessities of public use, such a limitation would give rise to a subsequent action for a *de facto* taking *(Clark v State of New York, supra).* (Appeal from judgment of Court of Claims—appropriation.) Present —Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.