In the Matter of HENRY POLLAK, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Appellant.—In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review certain real property tax assessments, the Board of Assessors of the County of Nassau appeals, as limited by its brief, from so much of (1) an order and judgment of the Supreme Court, Nassau County, entered July 11, 1977, as *inter alia* (a) amended the petitions to provide that the claimed value in each of said petitions is "$-0-" and (b) granted the petitioner summary judgment fixing the value of the premises at no value for each of the years under review and (2) a further order of the same court, dated September 14, 1977, as, upon reargument, adhered to the prior determination. Appeal from the order and judgment entered July 11, 1977 dismissed. The order and judgment were superseded by the order made upon reargument. Order dated September 14, 1977 reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the branches of the petitioner's motion which sought (1) to amend the petitions and (2) summary judgment are denied. The facts are not disputed. A portion of the petitioner's property was condemned in 1969. The petitioner thereafter filed protests and petitions seeking to reduce the assessed value of the remainder parcel, the subject property, to $21,000 for the assessment years 1971 through 1977. On petitioner's claim for consequential damages in the condemnation proceeding, the Court of Appeals held that his title had been rendered "unmarketable" by the deprivation of the legal right to access holding that "the absence of an explicit reservation of a right to access in the original appropriation may not be cured by provisional expedients, offered by and subject to the grace of the State" *(Pollak v State of New York,* 41 NY2d 909, 910). The Special Term granted petitioner's request for amendment of its petitions to reflect the determination by the Court of Appeals in the condemnation proceeding and granted the petitioner summary judgment, fixing the value of the premises at "$-0-" for each of the tax years under review. A petitioner in a tax certiorari proceeding is limited to the relief set forth in his application to review the assessment before the board of review *(Matter of Singer Co. v Tax Assessor of Vil. of Pleasantville,* 86 Misc 2d 631, 632, affd 56 AD2d 655, on the opn. of Mr. Justice Slifkin at Special Term). It was therefore error to permit amendment of the petitions. Further, although the value of property for taxation as adjudicated in one year may be evidence of its assessable value for a succeeding year, each taxable year is separate and distinct and the same property may have different values at different times *(Matter of*

*Woolworth Co. v Tax Comm. of City of N. Y.,* 20 NY2d 561; *Matter of F. O. R. Holding Co. v Board of Assessors of Town of Clarkstown,* 45 AD2d 875; *Matter of City of New York [Lincoln Sq. Slum Clearance Project],* 15 AD2d 153, affd 16 NY2d 497). While the value of property is the same for both condemnation and assessment review proceedings *(Matter of City of New York [Lincoln Sq. Slum Clearance Project], supra),* in condemnation proceedings the value of the property is its value at the time of the taking; changes after the vesting of title cannot mitigate damages *(Kravec v State of New York,* 40 NY2d 1060; *Wolfe v State of New York,* 22 NY2d 292). In arriving at its determination in the condemnation proceeding, the Court of Appeals expressly relied on this principle, citing the *Kravec* and *Wolfe* cases *(Pollak v State of New York, supra,* p 910). On this record, there is an issue of fact as to the value of the subject property on the assessment date for each of the assessment years under review (see *Caroldee Realty Corp. v Board of Assessors of County of Nassau,* 73 Misc 2d 41). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.