◾ ROBERT E. BURNS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57064.) (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: In this appropriation case the trial court correctly concluded that the evidence failed to establish a reasonable probability of rezoning the subject parcel from residential to commercial use at the time of the taking *(Matter of City of New York [Shore Front High School—Rudnick],* 25 NY2d 146, mod 26 NY2d 748; *Masten v State of New York,* 11 AD2d 370, affd 9 NY2d 796; *Matter of City of Rochester v Dray,* 60 AD2d 766). Inasmuch as the claimant's appraisal was based solely on a speculative commercial use providing only commercial sales as comparables, the trial court properly disregarded it and made an award on the basis of the State's evidence establishing a residential highest and best use *(Ridgeway Assoc. v State of New York,* 32 AD2d 851, app after remand 40 AD2d 1051, affd 34 NY2d 678, and cases cited therein). Claimant's contention of a *de facto* appropriation of a portion of the property due to loss of access *(Kravec v State of New York,* 40 NY2d 1060) is not supported in the record. Continued, although limited, access was available and the limitation was taken into consideration in the award of consequential damages by the trial court (see *Priestly v State of New York,* 23 NY2d 152; *Wayside Nurseries v State of New York,* 36 AD2d 212, affd 34 NY2d 876). (Appeal from judgment of

Court of Claims—appropriation.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.