OPINION OF THE COURT
Thomas P. Farley, J.
On this motion, petitioner requests leave to amend its tax protests and petitions filed for 1974/1975 through 1980/ 1981 tax years, which failed to include several of the tax lots on which a shopping center stands. The two lots actually protested relate to an 8,000 square foot extension added to a Waldbaum’s supermarket. The lots that were omitted from the protests and petitions cover the remainder of the Waldbaum’s store and the other portions of the shopping center. The mistake occurred when petitioner inadvertently furnished its counsel only with the tax bills covering the extension of the Waldbaum store.
Petitioner claims the mistake is correctable, while the *557 respondent states the proposed amendment is impermissible as a jurisdiction defect. Although the rule that mere technical defects in a pleading should not defeat otherwise meritorious claims is applicable to tax certiorari proceedings (Matter of Great Eastern Mall v Condon, 36 NY2d 544), the guidelines that govern the amendment of a complaint are not in all respects equally applicable to a tax petition. By force of statute, a petition in a tax review proceeding must specify the ground or the basis of the alleged illegal, erroneous, or unequal assessment, the damage or injury claimed, and, in addition, must show a timely complaint had been made with the proper officials to afford them an opportunity to correct the assessment (Real Property Tax Law, § 706). These requirements of the statute are considered jurisdictional, and are strictly enforced as indicated by the refusal to allow amendment of a petition to increase the amount of the claimed damage by alleging a lower market value of the property (People ex rel. Interstate Land Holding Co. v Purdy, 236 NY 609; Matter of Xerox Corp. v Ross, 71 AD2d 84, 90, mot for lv to app den 49 NY2d 702; Matter of Pollak v Board of Assessors of County of Nassau, 62 AD2d 1019, mot for lv to app dsmd 45 NY2d 872; Matter of Singer Co. v Tax Assessor of Vil. of Pleasantville, 86 Misc 2d 631, affd 56 AD2d 655). This construction of the statute has been reached despite an oft repeated admonition that “ ‘[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s rights to have his assessment reviewed should not be defeated by a technicality.’ ” (People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9.) The same result apparently obtains although the provisions of CPLR 2001, allowing for the correction of mistakes, and CPLR 3026, directing that pleadings be liberally construed, are both applicable to tax certiorari proceedings. Conciliation of these seemingly conflicting rules rests on distinguishing between amendments that do and do not affect the jurisdiction of the court. The latter are allowed in accordance with the liberal provisions of the CPLR; the former are not. No amendment that involves the setting up of a jurisdictional fact may be granted after the expiration of the time within *558 which the statute allows a review proceeding to be instituted (24 Carmody-Wait 2d, NY Prac, § 146:59, p 301).
Certainly, if a petition cannot be amended to increase the claimed amount of the overassessment, an amendment for the purpose of adding tax lots not protested, is far less likely to be countenanced. The latter amendment must overcome a far greater obstacle, viz., the failure to identify the property and to show a prior complaint filed with the assessing authority to allow them to correct assessment. The primary purpose of a petition is to give notice to the respondent of petitioner’s claim so that it may be prepared to defend its assessment. That notice is lacking when the assessment against the tax lots sought to be reviewed has not been protested. Furthermore, the time for filing the petition has long expired (Real Property Tax Law, § 702, subd 2).
The argument that respondent has not been prejudiced, and that it must have obviously realized that petitioner intended to protest more than just the extension of a building, has appeal to commonsense practicalities. However, it has its limitations. Should respondent have guessed that the supermarket building was intended to be protested? Or should the respondent have also figured out the entire shopping center as well was intended to be included? The statute does not place this responsibility on the respondent, and the necessity for filing a protest that identifies the property to be reviewed rests on petitioner. In a tax certiorari proceeding, the settled law is that petitioner is limited to the relief set forth in his application to review the assessment (Matter of City of Little Falls v Board of Assessors of Town of Salisbury, 68 AD2d 734, 739). The motion must accordingly be denied.