COUNTY OF ONONDAGA, Respondent-Appellant, v EVA L. SARGENT, Appellant-Respondent. — Order unanimously affirmed, without costs. Memorandum: The County of Onondaga appropriated some of claimant's property for the purpose of constructing a subterranean sewer. The taking was in the form of a permanent and a temporary easement. Claimant was awarded $33,860.84 as compensation for the taking. Claimant contends that the taking rendered title to the land unmarketable because she no longer has legal access to the rear portion of her property, and that she should have been compensated for the loss of access. She admits that the easement presents no physical impediment to access. In appropriating lands for public purposes, there is a duty to take no more land and do no greater damage than is necessary for the public use intended (*Matter of City of New York,* 174 NY 26, 35; *Jafco Realty Corp. v State of New York,* 18 AD2d 74, affd 14 NY2d 556). The words of the taking are to be construed in the light of its apparent object and the extent of the limitation imposed on claimant's use is to be determined by the language used and upon consideration of the necessity to be supplied; no greater limitation will be placed on claimant's exercise of property rights than the public use requires (*Jafco Realty Corp. v State of New York, supra*). After the appropriation of the easement, claimant continues to own the fee, free to make any use of the land that does not interfere with the easement (*Caggiano v State of New York,* 22 AD2d 1011). The fact that the sewer has been completed and does not interfere with claimant's access or use of her land, indicates that no interference was intended (see *Caggiano v State of New York, supra*). Furthermore, if the county takes any later action which interferes with claimant's rights it will

have to answer for a *de facto* appropriation (*Clark v State of New York,* 15 NY2d 990, 992). Claimant's reliance on *Kravec v State of New York* (40 NY2d 1060) is misplaced since the taking in *Kravec* included a reservation clause which gave the State a virtual veto power over any use claimants might make of their land because only the State knew what structures or impairments it intended to construct pursuant to the easement. The taking here is solely for the purpose of constructing and maintaining an underground sewer; the easement does not provide for the erection of structures and there is no reservation clause which subjects claimant's use to approval by the county. We have considered the other contentions raised by claimant and respondent and find them to be without merit. (Appeals from order of Onondaga County Court, Cunningham, J. — condemnation.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.