GAIL M. CRAIN, Respondent, v ROBERT C. CRAIN, Appellant. — Order unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: As a part of judicial proceedings which ultimately led to a judgment of divorce, the parties entered into a stipulation resolving various financial and custodial issues. A portion of the stipulation provided that plaintiff would be permitted exclusive occupancy of the marital residence until the happening of any one of several contingencies, including "the occupancy of the home by some male unrelated to the plaintiff". The court and the parties approved the stipulation and it was further agreed and directed that the stipulation be incorporated in the judgment of divorce. The resulting judgment contained several contingencies upon which plaintiff's right to occupancy of the marital residence would terminate, but it omitted the agreed-upon provision eliminating this right upon the occupancy by an unrelated male.

Defendant sought to amend the judgment to conform to the stipulation entered in the record. The court denied defendant's motion. This was error.

CPLR 5019 (a) provides that when a judgment is affected by any mistake, defect or irregularity in the papers not affecting a substantial right of a party, a "trial or an appellate court may require the mistake, defect or irregularity to be cured". Although this section will not permit correction of an error in substance (*Herpe v Herpe*, 225 NY 323, 327; *Szabo v Szabo*, 71 AD2d 32, 35), the section has been construed to permit the correction of clerical types of mistakes (*see, e.g., Suffolk Roadways v Hanover Ins. Co.*, 64 AD2d 591; *Marino v Nolan*, 29 AD2d 541, *affd* 21 NY2d 738).

The mistake which defendant seeks to correct is a clerical type of error since the transcript is clear that the parties specifically agreed to inclusion in the judgment of the provision now sought to be added. The omission of this provision from the judgment is nothing more than inadvertence.

We find no basis, however, to apply this analysis to that provision of the judgment requiring defendant to pay half the property taxes and repairs on the marital residence. The stipulation was silent on this issue, and thus it cannot be said that this obligation, which takes up a separate paragraph of the judgment, was inserted through inadvertence. (Appeal from order of

Supreme Court, Erie County, Kane, J. — modify judgment of divorce.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.