■ In the Matter of ORRIE WILSON, Respondent, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, Appellant.—Judgment unanimously vacated on the law and determination modified on the law and as modified confirmed in accordance with the following memorandum: There was substantial evidence to support the determination *(see, Matter of Lang v Kelly,* 127 AD2d 978).

Respondent concedes that the finding of the Hearing Officer that petitioner violated rule 180.20 of 7 NYCRR 270.1 (b) (22) (i) and Attica Correctional Facility rule 16.4 was error since the correctional facility rule book had not been filed with the Secretary of State. This portion of the determination is annulled. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—art 78.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ MARIE BOLGER, Appellant, v DANIEL L. DAVIS, Defendant, and MERCHANTS AND BUSINESSMEN'S MUTUAL INSURANCE COMPANY, Respondent.—Order unanimously affirmed with costs, in accordance with the following memorandum: Plaintiff Bolger sued defendant insurer seeking to recover for real and personal property loss resulting from a fire in January 1980. The court found that she had an insurable life interest in the real property, and that her damages should be calculated by multiplying her life use factor by the actual cash value of the real property loss. Judgment was entered on September 9, 1983. Plaintiff's appeal from that judgment was dismissed on June 6, 1985 for failure to perfect her appeal. Plaintiff then moved before the court, pursuant to CPLR 5019, in March 1986 to cure an alleged error in computing the amount of her loss. The denial of that motion is the subject of this appeal.

In her motion plaintiff alleges that the court stated the correct formula, but inserted incorrect numbers for the "actual cash value of the loss". The court used $22,000, the policy limit, instead of $39,000, the average cost of repairs. This determination may not be corrected by a CPLR 5019 motion, which permits correction of clerical mistakes only, not errors in substance *(see, Crain v Crain,* 109 AD2d 1094; 2 Carmody-Wait 2d, NY Prac §§ 8:121, 8:122). Plaintiff's sole remedy was by way of appeal, which was abandoned. (Appeal from order of Supreme Court, Monroe County, Curran, J.—correct computation of damages.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.