*634 OPINION OF THE COURT
William Rigler, J.
The matter having come on to be heard before this court on September 19, 1989 and both parties having submitted papers, the court determines the instant order to show cause and cross motion as follows:
Plaintiff former husband and defendant former wife were married on March 31, 1968. There were seven issue of the marriage. In December 1984, plaintiff and defendant appeared before the Beth Din Rabbinical Court of Justice in Brooklyn, New York (a Jewish religious court), to resolve their marital disputes. A stipulation of settlement was entered into by the parties on December 31, 1984. This stipulation, resolving all the issues involved in the break-up of the marriage, was executed before the Beth Din. Among other responsibilities, the plaintiff was obligated to pay $11,000 every year to defendant for additional household and medical expenses. Plaintiff was to have custody of the children.
The parties’ marriage was dissolved on an uncontested basis by judgment of divorce dated March 3, 1986. Since a request was never made by the parties, the stipulation of settlement was not incorporated in the judgment of divorce. The judgment was silent on the issue of maintenance.
Defendant alleges that since the stipulation of settlement was entered into on December 31, 1984, the plaintiff has failed to fully comply with its terms. Specifically, she claims he has failed to make the annual $11,000 payments for maintenance.
Both parties agreed to submit their disputes to the Beth Din Rabbinical Court and agreed to be bound by that panel’s decision. They presented the question of arrears to the Beth Din and that tribunal rendered an award on November 2, 1988 stating that: “Therefore the Decision of the Rabbinical Court is, that defendant (former-husband) shall pay a weekly $50.00 to plaintiff (former-wife) and for the rest of the amount which is his obligation to pay according to his pledge, we have no means to force him to pay it, and if plaintiff finds a possibility to collect her demand, she can do just that.”
Defendant now seeks the entry of judgment for a sum in excess of $39,000 as and for arrears for maintenance under the stipulation of settlement. She requests that the stipulation of settlement be incorporated in the judgment of divorce nunc pro tune to March 3,1986, when the judgment was entered. In *635 addition, defendant requests confirmation of the November 1988 arbitration award of the Beth Din.
The 1986 judgment of divorce should not be amended to incorporate the stipulation of settlement dated December 1984. While it is true that a court may direct entry of judgment or order “nunc pro tune” to correct an award or in furtherance of justice where the failure to include a clause was due to accident or excusable oversight or mistake (Karpuk v Karpuk, 177 Misc 729), this is not the case here.
Defendant’s reliance upon Crain v Crain (109 AD2d 1094) is inappropriate. In Crain, the judgment of divorce omitted one of many previously agreed upon stipulations due to oversight or inadvertence. The resulting judgment included the resolution of various financial and custodial issues but did omit one provision concerning the plaintiffs right to occupancy of the marital residence.
In the case before us, the entire agreement made by the parties was not incorporated or made part of the judgment of divorce. Though the agreement expressing the terms and conditions of the divorce may be a binding contract in and of itself, the omission of any mention of the agreement in the judgment of divorce does not appear to be an oversight or minor transgression. Rather it appears to have been a conscious decision by the parties not to include the agreement and its clauses in the judgment of divorce. The defendant’s attorney, Mr. Mazur, could have interposed a counterproposed judgment to Justice Joseph A. Esquirol, Jr. at the time he was sent a copy of plaintiff’s proposed judgment. However, defendant did not ask the court to incorporate the stipulation of settlement or include the provisions of the stipulation of settlement in the judgment of divorce.
The defendant cites no convincing authority to support her request for the incorporation of the stipulation of settlement into the judgment of divorce. It is true that CPLR 5019 may be used to grant relief to which a party is entitled, provided that this resettlement of a judgment does not alter the obligations of the parties or change the direction of the court. However, in the case at bar, there was no agreement between the two parties to have the stipulation of settlement incorporated into the judgment of divorce. The incorporation of the stipulation of settlement now will obviously alter the obligations of the parties.
While plaintiff former husband has not controverted any *636 factual claims of the defendant former wife, this court is disturbed by the fact that the defendant has not moved for incorporation of the stipulation of settlement into the judgment for almost three years. Thus, defendant’s application must also be denied on the basis of loches. The doctrine of loches is based upon the maxim that equity aids the vigilant and not those who slumber on their rights. The defendant’s failure to assert her right or claim to the incorporation of the stipulation of settlement for over three years seems unreasonable under the circumstances. This unexplained delay will undoubtedly prejudice the plaintiff. Therefore, defendant’s application for an order to amend the judgment of divorce nunc pro tune to the time the judgment of divorce was entered is denied due to the inaction of the defendant in asserting her rights. The denial is without prejudice to defendant seeking to enforce the stipulation in another forum.
Defendant bases her demand for arrears in excess of $39,000 on the maintenance clause contained in the stipulation of settlement that was executed in 1984. Yet due to its omission from the final judgment of divorce in 1986 the stipulation of settlement or any of its clauses cannot be enforced within the ambit of this matrimonial enforcement proceeding. She must bring a plenary action where the plaintiff can assert appropriate defenses based upon the widely recognized rules of contracts.
The court will now turn its attention to the branch of defendant’s application which concerns the confirmation of the Beth Din’s award. Defendant argues that this court "should not consider whether the claim * * * is tenable or otherwise pass upon the merits of the dispute, and absent complete irrationality, the award should be confirmed. (CPLR § 7511).” While a court may appear to have limited discretion in denying or confirming an arbitration award, it is not utterly powerless. The defendant here mistakenly characterizes the court as a mere rubber stamp of the arbitrator’s decision. First, there is no sound rule of law that states just because one party does not oppose the confirmation of an arbitration award, this fact alone is determinative and therefore the award must be confirmed.
Second, CPLR 7502 (a) unequivocally states: "A special proceeding shall be used to bring before a court the first application arising out of a credible controversy which is not made by motion in a pending action * * *. All subsequent *637 applications shall be made by motion in the pending action or the special proceeding.” (Emphasis added.)
This court will not entertain this motion to confirm the arbitration award but rather will indicate the relevant procedures in bringing on a proper confirmation proceeding. This present motion qualifies as the first application arising out of an arbitrable controversy as defined by CPLR 7502 (a). Additionally, this motion is not part of a pending action since the stipulation of settlement and the judgment of divorce were finalized well over two years ago. Therefore, the proper method for requesting confirmation of the arbitration award would lie in a special proceeding and not through filing an order to show cause within the alleged ongoing matrimonial action (CPLR 7502 [a]). This court does not have the statutory authority to confirm or deny the arbitration award as the matter is currently configured. It is thus forced to dismiss the motion without prejudice to give the defendant an opportunity to bring the action through the proper procedures.