■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREAT BEND AGGREGATES, INC., Respondent.—Judgment unanimously modified on the law and facts and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Petitioner Niagara Mohawk Power Corporation appropriated an easement across respondent's property for the purpose of erecting, operating and maintaining one electric transmission line, including three conductors, one cable and supporting apparatus. The trial court, after a nonjury trial, awarded respondent the sum of $31,500 plus interest as compensation for the taking. The award was based in part on the trial court's finding that the easement was equivalent to a taking in fee in that it resulted in a 100% diminution of the value of the property. That was error. Since the easement reserved to respondent the absolute right to ingress and egress across the parcel, the right to cultivate, and the right to construct roads and utility lines across the easement so long as they did not interfere with existing transmission lines, it is not equivalent to a taking in fee *(see, County of Onondaga v Sargent,* 92 AD2d 743, *appeal dismissed* 59 NY2d 967; *Clark v State of New York,* 20 AD2d 182, *affd* 15 NY2d 990; *Jafco Realty Corp. v State of New York,* 18 AD2d 74, *affd* 14 NY2d 556; *cf., Kravec v State of New York,* 40 NY2d 1060). From our

review of the record, we conclude that the easement resulted in damages equal to 90% of the value of the property *(see, e.g., Lorig v State of New York*, 58 AD2d 734, *lv denied* 43 NY2d 641; *Gustafson v State of New York*, 76 Misc 2d 260, 265, *affd* 56 AD2d 695). We therefore remit this matter to the trial court for entry of judgment. Further, should the petitioner subsequently alter or increase its use of the easement, it would be subject to a subsequent action by respondent for a de facto taking *(see, Lorig v State of New York, supra)*.

We have considered petitioner's other contentions raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Jefferson County, Gilbert, J.—condemnation.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.