■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREAT BEND AGGREGATES, INC., Respondent. (Appeal No. 1.)— Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Attorney and Appraiser Fees.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.

■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v GREAT BEND AGGREGATES, INC., Respondent. (Appeal No. 2.)— Amended judgment reversed on the law without costs and motion for additional allowance denied. Memorandum: Petitioner condemned certain real property previously owned by respondent. The award made by Supreme Court was modified by this Court *(Niagara Mohawk Power Corp. v Great Bend Aggregates,* 167 AD2d 850), and respondent filed an amended judgment and order, together with a bill of costs. On December 7, 1990, petitioner forwarded a draft in full payment of the amended judgment. Respondent then delivered to petitioner's attorneys a satisfaction of judgment and motion papers seeking an additional allowance pursuant to EDPL 701. The satisfaction of judgment was filed on January 11, 1991. Supreme Court, by order dated February 1, 1991, explicitly held that it was not amending the previous judgment, but purported to grant a new judgment for additional costs based upon the motion. That was error.

A judgment is the determination of the rights of the parties in an action or special proceeding (CPLR 5011). Any award for an additional allowance, like claims for interest, disburse-

ments and costs, must be made as part of the original proceeding and be incorporated into the final judgment *(see, Adventurers Whitestone Corp. v City of New York,* 65 NY2d 83, *appeal dismissed* 474 US 935; *Schenectady Trust Co. v Emmons,* 290 NY 225, 229). No claim is made that respondent could not have made a request for an additional allowance prior to entering its final judgment. Under usual principles of claim preclusion, respondent is barred from raising an issue in a second cause of action which it could have raised in the condemnation proceeding *(see, Adventurers Whitestone Corp. v City of New York, supra,* at 89-90).

Moreover, neither an action nor a special proceeding was pending before Supreme Court upon which the instant judgment could have been based. There is no statutory basis to commence an action by motion, and the court was therefore without jurisdiction to make the additional award *(see, Kreindler v Irving Trust Co.,* 60 Misc 2d 441, 442; *Matter of Cammaratta,* 60 Misc 2d 521, 522).

Accordingly, the judgment of Supreme Court, which amended the order of February 1, 1991 *(see,* CPLR 5019 [a]), is reversed.

All concur, except Callahan, J. P., who dissents and votes to affirm in the following Memorandum.

Callahan, J. P. (dissenting). I concur with the learned decision of Supreme Court, Jefferson County (Gilbert, J.). The majority clearly ignores EDPL 701 which permits an additional discretionary allowance for an award of "actual and necessary costs, disbursements and expenses * * * actually incurred by [the] condemnee." By its decision the majority is depriving the condemnee of its constitutional and statutory right to receive just compensation. The right to an additional allowance does not accrue until there is an award, order or judgment in the underlying condemnation proceeding. The fact that this condemnee made application upon notice simultaneous with forwarding the satisfaction of the judgment does not constitute a waiver of that right.

Furthermore, Supreme Court had authority under CPLR 5019 (a) to correct any mistake, defect or irregularity in a judgment or order "not affecting a substantial right of a party" *(Crain v Crain,* 109 AD2d 1094; *see, Bolger v Davis,* 127 AD2d 979). Respondent sought to correct a clerical error in computing the total amount of the appraiser's fee incurred in the condemnation proceeding. The papers before the court on the original application for an additional allowance pursuant

to EDPL 701 included two separate statements submitted by the appraiser setting forth his fees for services. Respondent simply neglected to add the two fees together in making the claim for reimbursement. Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may be corrected by the trial court through an amendment *(Herpe v Herpe,* 225 NY 323, 327). The omission here was nothing more than inadvertence, hence the amendment was proper *(Crain v Crain, supra).* (Appeal from Amended Judgment of Supreme Court, Jefferson County, Gilbert, J.—Modification of Award.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.