■ JOHN J. KEELER, Appellant, v TONY PERRINO, Doing Business as TP LANDSCAPE & GARDEN CENTER, Respondent. [925 NYS2d 268]—

Malone Jr., J. Appeal from that part of an order of the Supreme Court (McGrath, J.), entered June 17, 2010 in Columbia County, which denied plaintiff's cross motion for leave to serve an amended bill of particulars.

Plaintiff commenced this action against defendant in August 2007, alleging breach of contract and negligent workmanship related to defendant's performance of landscape work on plaintiff's property. Defendant then served an answer, discovery demands, notice of depositions and a demand for a bill of particulars. In October 2007, plaintiff responded to those demands, naming two experts—including Christopher Crane—in his bill of particulars, but not providing details as to what their testimony would be. In December 2009, plaintiff filed a note of issue and a certificate of readiness for trial, along with an expert witness response, disclosing Crane as the expert witness to be called at trial, which was scheduled for June 2010.

Thereafter, in April and May 2010, plaintiff unsuccessfully attempted to contact Crane regarding the trial and was informed by an associate of Crane that Crane would not testify. In May 2010, plaintiff informed Supreme Court that Crane was unwilling to testify and requested permission to make a substitution. Although defendant opposed the request, the court permitted the substitution on the condition that the substituted expert's

testimony did not vary from the previously-filed bill of particulars and expert witness disclosure. Plaintiff then filed, without leave of court, a second amended expert witness response and an amended bill of particulars. After defendant moved to preclude the expert testimony and to strike the amended bill of particulars, plaintiff cross-moved for leave to serve the amended bill of particulars and to serve an amended expert witness response. The court granted that part of defendant's motion to strike the amended bill of particulars, but denied the part to preclude the expert's testimony; plaintiff's cross motion was denied in the entirety. Plaintiff appeals from that part of the order denying his cross motion for leave to serve an amended bill of particulars.

Supreme Court properly granted that part of defendant's motion to strike the amended bill of particulars because plaintiff did not seek leave of court before serving such (*see* CPLR 3042 [b]; *Monk v Dupuis*, 287 AD2d 187, 190 [2001]). Further, even assuming that plaintiff demonstrated a reasonable excuse for the delay in requesting leave to amend the bill of particulars, which request was made on the eve of trial, because the proposed bill materially expanded on both the factual allegations and the theory of liability asserted in the original bill, and more than doubled the amount of the estimated damages, allowing the amendment would have significantly prejudiced defendant. Accordingly, the court did not abuse its discretion in denying plaintiff's cross motion for leave to amend the bill of particulars (*see Cintron v New York City Tr. Auth.*, 77 AD3d 410, 410-411 [2010]; *Schreiber-Cross v State of New York*, 57 AD3d 881, 884 [2008]).

Finally, because plaintiff specifically limited his notice of appeal, we do not consider his arguments with respect to Supreme Court's denial of that part of his cross motion seeking leave to file a second amended expert witness disclosure response (*see Gozzo v First Am. Tit. Ins. Co.*, 75 AD3d 953, 955 [2010]; *DeLorenzo v St. Clare's Hosp. of Schenectady, N.Y.*, 69 AD3d 1177, 1180 [2010]).

Mercure, J.P., Peters, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.